UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC EQUIPMENT FINANCE, LLC,
a Delaware limited
liability company,
successor to PNCEF, LLC, an
Indiana limited liability
company,dba PNC Equipment
Finance, fka National City
Commercial Capital Company,
LLC

    Plaintiff,

v.                                          Case No: 2:13-cv-763-FtM-29UAM

IKZ, INC. and IVAN J.
KOVACEVIC,

    Defendants.

_____

**ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on October 25, 2013.[1] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶ 4.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges a breach of contract in Count I and states that defendant IKZ, Inc. is indebted and obligated to plaintiff in the amount of $78,887.90. (Doc. #1, ¶ 13.) Count II alleges a breach of the guaranty by defendant Ivan J. Kovacevic for the same amount. (Id., ¶¶ 18, 21.) Therefore the Court is satisfied that the amount in controversy is sufficiently pled.[2]

Plaintiff alleges that it is a Delaware limited liability company with its principal offices located in Ohio. Plaintiff's sole member is PNC Bank, National Association, with its principal offices in Delaware. (Id., ¶ 1.) "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For diversity jurisdiction purposes, a national bank is a citizen of the State designated in its articles of association as its main

---

[2] The Court notes that the Complaint incorporates by reference all of the allegations from each Count into each subsequent count. (Doc. #1, ¶¶ 16, 22.) The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008)(collecting cases). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001). Plaintiff will be required to amend the Complaint to correct this deficiency.

office.  Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006).  As this information is not pled, plaintiff has not adequately alleged its citizenship.

Plaintiff alleges that IKZ, Inc. is a Florida corporation with its principal offices located in Naples, Florida.  (Doc. #1, ¶ 2.)  A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The principal place of business is determined by the "nerve center" test.  Hertz Corp. v. Friend, 559 U.S. 77 (2010).  Plaintiff has not adequately alleged the citizenship of the defendant corporation.

Plaintiff further alleges that Ivan J. Kovacevic is a "resident" of Florida.  "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).  Pleading residency is not the equivalent of pleading domicile.  Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  Plaintiff has failed to properly allege the citizenship of the individually named defendant.

3

As no diversity of jurisdiction is alleged, the Court does not have subject-matter jurisdiction. Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653, and to also correct the shotgun pleading deficiencies.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is **dismissed** as a shotgun pleading and for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of October, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

4