UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC EQUIPMENT FINANCE, LLC, a
Delaware limited liability company,

          Plaintiff,

v.                                         Case No:   2:13-cv-763-FtM-29CM

IKZ, INC. and IVAN J.
KOVACEVIC,

          Defendants.

_____

## ORDER

      Before the Court is Plaintiff's Motion for Entry of Clerk's Default (Doc. 20) filed

on March 21, 2014.   Plaintiff PNC Equipment Finance, LLC ("PNC") moves

pursuant Federal Rule of Civil Procedure 55(a), for entry of a Clerk's default against

Defendants IKZ, Inc. ("IKZ") and Ivan J. Kovacevic ("Kovacevic") for failure to

respond to the Second Amended Complaint.   Doc. 14.   For the reasons that follow,

the Motion is due to be granted.[1]

      Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party

against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default."   Fed. R. Civ. P. 55(a).   Prior to directing the Clerk to enter

a default, the Court must first determine whether the Plaintiff properly effected

---

[1] The Court previously denied Plaintiff's Motion for Clerk's Default for failure to
provide a memorandum of law in support of its request, pursuant to Local Rule 3.01(a).   Doc.
19.

service of process.   *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D. Fla. June 24, 2009).

Service on an individual can be made by any manner accepted in the state or by "delivering a copy of the summons and of the complaint to the individual personally."   Fed. R. Civ. P. 4(e)(1), (e)(2)(A).   Section 48.031, Florida Statutes, provides that "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper. . . ."   Fla. Stat. § 48.031(1)(a).   Service on a corporation can be made by any manner accepted in the state or by "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"   Fed. R. Civ. P. 4(h)(1)(A), (e)(1).   Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.   A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director.   Fla. Stat. § 48.081(1)(a)-(d).

The Return of Service (Doc. 9) shows that Kovacevic was personally served with the Summons, Complaint, and Amended Complaint on November 12, 2013, at 3900 Mannix Drive, Unit 116, Naples, Florida, 34113.   A separate Return of Service (Doc. 8) shows that IKZ was served with the Summons, Complaint, and Amended Complaint on the same day at the same location, with corporate service effected upon Kovacevic as the President of IKZ.

In this case, the Complaint (Doc. 1) and Amended Complaint (Doc. 7) were dismissed by the Court for lack of subject matter jurisdiction without prejudice to Plaintiff filing an amended complaint within seven days of the Court's Orders.   Docs. 4, 13.   Plaintiff filed its Amended Complaint and Second Amended Complaint on November 5, 2013, and December 5, 2013, respectively.   Docs. 7, 14.   The Returns of Service show that the Complaint and Amended Complaint were served on November 12, 2013, while the Second Amended Complaint was served by U.S. Mail on December 5, 2013, according to the pleading's Certificate of Service.   Doc. 14 at 7.

The Court finds that service of process was properly effected as to all Defendants, because the Summons, Complaint, and Amended Complaint were served on Kovacevic individually and as President of IKZ.   Further, Federal Rule 5(a)(2) provides that no service is required on a party who is in default for failing to appear unless the pleading asserts a new claim for relief against a party.   The Second Amended Complaint was identical to the Amended Complaint, except for the allegations regarding citizenship of the parties.   *Compare* Doc. 7 *with* Doc. 14. Because the Second Amended Complaint did not contain any new claims for relief, PNC was permitted to serve the Second Amended Complaint via mail.   Fed. R. Civ. P. 5(a)(2) & (b)(2)(C).

The Second Amended Complaint was served on Defendants via mail on December 5, 2013.   Doc. 14.   Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with

the summons and complaint.   Defendants have failed to do so within the time period;

therefore, entry of Clerk's default is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default (Doc. 20) is **GRANTED**; and the

Clerk of Court is directed to enter Clerk's Default against Defendants IKZ, Inc. and

Ivan J. Kovacevic.

**DONE** and **ORDERED** in Fort Myers, Florida on this 2nd day of April, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record