UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC EQUIPMENT FINANCE, LLC,
a Delaware limited liability
company, successor to PNCEF,
LLC, an Indiana limited
liability company, dba PNC
Equipment Finance, fka
National City Commercial
Capital Company, LLC,

    Plaintiff,

v.                            Case No: 2:13-cv-763-FtM-29CM

IKZ, INC. and IVAN J.
KOVACEVIC,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Vacate Final Judgment and Vacate Entry of Default (Doc. #29) filed on May 23, 2014. Plaintiff filed a Response (Doc. #32) on June 23, 2014, Defendants filed a Reply (Doc. #36) on July 7, 2014, and Plaintiff filed a Surreply (Doc. #37) on July 21, 2014. For the reasons set forth below, the motion is denied.

**I.**

On December 12, 2013 Plaintiff PNC Equipment Finance, LLC (PNC) filed a Second Amended Complaint (Doc. #14) against Defendants IKZ, Inc. (IKZ) and Ivan J. Kovacevic (Kovacevic). PNC alleged that IKZ defaulted under a lease agreement (the Lease) and

that Kovacevic defaulted under a Personal Guaranty promising IKZ's performance under the Lease. (Id.) PNC sought judgment against Defendants for the alleged breaches and a writ of possession granting PNC permanent possession of the machinery covered by the Lease. (Id.)

On April 2, 2014, the Court granted PNC's Motion for Entry of Clerk's Default (Doc. #20), finding that Defendants had failed to serve an answer within 21 days after being served with the Second Amended Complaint. (Doc. #21.) A Clerk's Default was entered against Defendants (Doc. #22), but PNC did not seek a default judgment and no such judgment was issued. On April 23, 2014, PNC filed a Notice of Voluntary Dismissal without Prejudice (Doc. #25) pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) which "hereby dismisses the above action against Defendants IKZ, Inc. and Ivan J. Kovacevic without prejudice." The Court entered an Order (Doc. #26) finding that Defendants had not filed an answer or motion for summary judgment and, therefore, voluntary dismissal was appropriate pursuant to Rule 41(a)(1)(A)(i). (Doc. #26.) This Order directed entry of judgment accordingly, terminated all deadlines and motions, and closed the file. Judgment (Doc. #27) was filed on April 24, 2014, dismissing the action without prejudice.

Defendants now move to vacate the final judgment and the entry of default. Defendants argue that vacatur is warranted because the voluntary dismissal and entry of default were obtained as a

result of PNC's fraud, misrepresentations, and other misconduct. In response, PNC argues that (1) it had the right to voluntarily dismiss the case because the requirements of Rule 41 were met; and (2) the Rule 41 dismissal terminated the Court's jurisdiction over the case and thereby prevents the Court from setting aside the entry of default.

## II.

The voluntary dismissal was granted pursuant to Rule 41(a)(1)(A)(i), which allows for voluntarily dismissal as a matter of right provided that that a defendant has not yet served an answer or a motion for summary judgment.  "[A] notice of dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon filing." Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1277 (11th Cir. 2012) (quoting Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990)).  Thus, Plaintiff's notice of dismissal in this case was self-executing, and required no action by the district court. Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999).  Indeed, following the Rule 41(a)(1)(A)(i) notice of dismissal, a district court lacks jurisdiction over the substance of the case.  Matthews, 902 F.2d at 880.  Further, such a dismissal "renders the proceedings a nullity and leaves the parties as if the action had never been brought." Univ. of S. Alabama, 168 F.3d at 409 (quoting Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996)).

It is undisputed that Defendants had not filed an answer or motion for summary judgment at the time PNC voluntarily dismissed the case. Therefore, Plaintiff's dismissal was effective at that time with or without a judgment. The ministerial entry of a judgment does not afford Defendants any basis to challenge the dismissal. The case and the jurisdiction of the Court is gone with the filing of the notice of dismissal. There is no need to vacate the default since, as a matter of law, that becomes a "nullity."

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants' Motion to Vacate Final Judgment and Vacate Entry of Default (Doc. #29) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of September, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record